IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CIVIL ACTION NO.:

| | |
|---|---|
| MADISON COMBS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SEXTON DENTAL CLINIC, INC., )<br>)<br>Defendant. )<br>_____) | **COMPLAINT**<br>(Jury Trial) |

The Plaintiff, complaining of the Defendant, alleges and states as follows:

### Parties

1. The Plaintiff Madison Combs ("Ms. Combs") is a citizen and resident of the State of Virginia.

2. The Defendant Sexton Dental Clinic, Inc. ("Sexton") is a business organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in Florence County, South Carolina. At all times relevant to the matters set forth herein, Sexton was acting by and through its actual and apparent agents, servants, and employees including but not limited to John R. Clark, Jr., DMD ("Dr. Clark") and James Montgomery, DMD ("Dr. Montgomery"), for whose actions and conduct Sexton is legally responsible.

3. Prior to the commencement of this action, a Notice of Intent to File Suit and Affidavit of Merit were filed and served on Sexton and the parties participated in a pre-suit mediation so that all statutory preconditions to the bringing of this action have been satisfied.

### Jurisdiction

4. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 in that it involves a controversy between citizens of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and attorneys fees.

5. The court has personal jurisdiction over Ms. Combs' claims against Sexton in that Sexton is located in the State of South Carolina and the conduct at issue occurred in the State of

South Carolina.

## Venue

6. Venue of this action is proper in this District and Division pursuant to 28 U.S.C. §1391 in that the claims against Sexton arise out of conduct which occurred in Horry County, South Carolina which is within the Florence Division of the District of South Carolina.

## Factual Allegations

7. On January 27, 2023, Ms. Combs went to Sexton in Florence, South Carolina seeking evaluation and recommendations for treatment of teeth that were decayed or infected.

8. When she went to Sexton in Florence, Ms. Combs did not want her upper front teeth to be extracted nor was she seeking to have this done.

9. In Florence, Ms. Combs was seen and evaluated by Dr. Clark.

10. Dr. Clark did not document any treatment recommendations for Ms. Combs but merely noted that she might experience "sinus complications" from treatment.

11. Dr. Clark provided Ms. Combs with various written risk disclosures.

12. Dr. Clark referred Ms. Combs to an oral surgeon.

13. On February 22, 2023, Ms. Combs went to Sexton in Myrtle Beach, South Carolina seeking evaluation and recommendations for treatment from an oral surgeon.

14. When she went to Sexton in Myrtle Beach, Ms. Combs did not want her upper front teeth to be extracted nor was she seeking to have this done.

15. In Myrtle Beach, Ms. Combs was seen and evaluated by Dr. Montgomery.

16. Dr. Montgomery did not document any clinical findings.

17. Dr. Montgomery did not document any treatment options.

18. Dr. Montgomery did not document any informed consent discussion.

19. Dr. Montgomery did not document which of Ms. Combs' teeth were restorable.

20. Dr. Montgomery did not document any reason why any of Ms. Combs' teeth should be extracted.

21. Dr. Montgomery did not document any reason why any of Ms. Combs' teeth were not

restorable.

22. Dr. Montgomery did not document any indication for the extraction of Ms. Combs' upper front teeth.

23. Dr. Montgomery did not document any discussion of Ms. Combs' treatment options with respect to any of her teeth.

24. Dr. Montgomery did not explain to Ms. Combs why her upper front teeth could not be restored.

25. Dr. Montgomery did not explain to Ms. Combs why her upper front teeth needed to be extracted.

26. Dr. Montgomery did not explain to Ms. Combs any treatment options for her upper front teeth.

27. Dr. Montgomery did not explain to Ms. Combs that he proposed to extract Ms. Combs' upper front teeth.

28. There was no meeting of the minds between Ms. Combs and Dr. Montgomery on a treatment plan for her upper front teeth.

29. Ms. Combs did not knowingly agree to have her upper front teeth extracted.

30. Ms. Combs did not give her consent, informed or otherwise, to the extraction of her upper front teeth.

31. Ms. Combs signed a form authorizing treatment of several teeth but she did not understand that by signing this form she was agreeing to have her upper front teeth extracted as opposed to restored or left alone, because Dr. Montgomery had no discussion with her about this.

32. Dr. Montgomery failed to obtain Ms. Combs' consent, informed or otherwise, to the extraction of her upper front teeth.

33. Dr. Montgomery extracted Ms. Combs' upper front teeth and then provided to her a temporary dental appliance that was poorly fabricated, ill-fitting, and impractical.

**FOR A FIRST CAUSE OF ACTION**
(Dental Malpractice)

34. The allegations in Paragraphs 1 through 33 above are realleged as fully as if restated herein.

35. Sexton and its agents, servants, and employees acted in a negligent, grossly negligent, willful, wanton, and reckless manner in the following particulars, to wit:

    a. failing to adequately explain to Ms. Combs:
        i. all of the available treatment options Dr. Montgomery proposed for addressing her teeth, including the risks and benefits of each option;
        ii. that her upper front teeth were restorable;
        iii. that her upper front teeth did not require extraction;
    b. failing to adequately explain to Ms. Combs that the recommended treatment plan included:
        i. extracting of all her upper front teeth;
        ii. extracting teeth that were restorable;
        iii. leaving diseased teeth without treatment;
    c. recommending extraction of teeth that were restorable;
    d. failing to treat or plan for teeth that were not restorable;
    e. failing to document any indication for extractions that were recommended;
    f. failing to document any treatment plan for teeth that were not recommended for extraction;
    g. failing to obtain Ms. Combs' informed consent;
    h. failing to document Ms. Combs' informed consent;
    i. providing an upper dental appliance that was aesthetically objectionable, loose fitting, and impractical;
    j. in such other particulars as the evidence through discovery and trial may otherwise tend to prove or suggest.

36. Ms. Combs suffered actual harms and losses as a direct and proximate result of the

conduct of Sexton.

37. Ms. Combs is entitled to recover judgment against Sexton for an amount of actual and punitive damages to be determined by the trier of fact.

WHEREFORE the Plaintiff prays for judgment against the Defendant in an amount of actual and punitive damages to be determined by the trier of fact, together with the costs of this action; and for such further legal and equitable relief as the court deems just and proper.

BY:   S/ Robert B. Ransom
      Robert B. Ransom
      S.C. Bar No. 11901
      Federal ID No. 04872
      LEVENTIS & RANSOM
      Post Office Box 11067
      Columbia, SC 29211
      (803) 765-2383

ATTORNEYS FOR THE PLAINTIFF